IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICHIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| GLOBAL VALUE LIGHTING, LLC, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Nichia Corporation ("Nichia") brings this action for patent infringement against Defendant Global Value Lighting, LLC ("GVL").  With knowledge as to its own status and conduct, and upon information and belief as to the status and conduct of others, Nichia alleges as follows.

## Introduction

1.     Nichia brings this patent infringement action to protect its valuable patented technology relating to light-emitting diodes ("LEDs") and LED lighting applications. LEDs are semiconductor devices that produce light when electrical current flows through them. LED technology has fundamentally changed the lighting industry.  LEDs offer significant technical, commercial, and societal advantages over traditional lighting technologies such as incandescent and fluorescent lights, including reliability, durability, and energy efficiency. The demand for LEDs today is substantial, and their widespread use is having an extraordinary impact on energy savings and access to lighting worldwide. Nichia, the owner of the patents herein asserted, is the world's leading manufacturer of LEDs and a leader in LED-related innovations.

2.     To achieve and hold its position as the industry leader, Nichia has relied, and continues to rely, on extensive research, technology innovation, and product development.

Nichia re-invests on average about 10% of its annual LED revenue– typically amounting to a quarter billion dollars or more – on research and development.

3. Nichia's research work – including the technology at issue in this case – has been transformative. The value of Nichia's contributions to LED technology was confirmed in 2014, when Professor Shuji Nakamura shared the Nobel Prize in Physics for his work as the leader of the Nichia research effort leading to the development of the blue LED, and Nichia's subsequent development of white-light emitting devices based on blue LED chips. *See* https://www.nobelprize.org/prizes/physics/2014/press-release/. In its announcement of the prize, the Nobel Committee stated: "The LED lamp holds great promise for increasing the quality of life for over 1.5 billion people around the world who lack access to electricity grids: due to low power requirements it can be powered by cheap local solar power. The invention of the efficient blue LED is just twenty years old, but it has already contributed to create white light in an entirely new manner to the benefit of us all." *Id.*

4. To protect its innovations, which are the result of its substantial commitment to and investment in research and development, Nichia files patent applications in the U.S. and throughout the world. Nichia has developed a patent portfolio with thousands of patents. To protect its manufacturing base and its new, innovative LED technologies, Nichia has a history of enforcing its patent rights. This lawsuit is a continuation of Nichia's policy of protecting its investment in the development of, and its rights to, fundamental LED technologies.

**The Parties**

5. Nichia is a corporation organized and existing under the laws of Japan, and has a principal place of business at 491 Oka, Kaminaka-Cho, Anan-Shi, Tokushima, Japan 774-8601.

6.      On information and belief, GVL is a corporation organized under the laws of Delaware, with corporate headquarters and principal place of business at 1350 Division Road Suite 204, West Warwick, Rhode Island 02893.

7.      GVL is in the business of manufacturing and selling private-label LED lighting solution, including light bulbs, describing itself as the "largest private label LED provider on the planet."

8.      GVL's products include the EcoSmart #1001-757-385 (ECS B11 25WE 827 DIM E12 CLR 3PK BL) and the EcoSmart #1002-919-758 (ECS G16.5 40WE 850 DIM E12 CLR 3PK BL).

9.      The EcoSmart #1001-757-385 (ECS B11 25WE 827 DIM E12 CLR 3PK BL) is pictured below, on the left, and the EcoSmart #1002-919-758 (ECS G16.5 40WE 850 DIM E12 CLR 3PK BL) is pictured below on the right.

 

10.    GVL's bulb products also include the EcoSmart #1002-914-366 (ECS B11 25WE 850 DIM E12 CLR 3PK BL); the EcoSmart #1001-757-401 (ECS G25 60WE 827 DIM E26 CLR 3PK); the EcoSmart #1002-914-578 (ECS B11 40WE 827 DIM E12 FR 3PK BL); the EcoSmart #1001-757-786 (ECS B11 40WE 827 DIM E12 CLR 3PK BL); the EcoSmart #1002-914-646 (ECS B11 60WE 850 DIM E12 FR 3PK BL); the EcoSmart #1003-942-961 (ECS B11 60WE 827 DIM E12 CLR); the EcoSmart #1001-757-404 (ECS A19 40WE W27 FIL 120 3PK); the EcoSmart #1002-919-759 (ECS G16.5 40WE 850 DIM E12 FR 3PK BL); the EcoSmart #1002-919-754 (ECS G16.5 40WE 827 DIM E12 CLR 3PK BL); the EcoSmart #1002-919-757 (ECS G16.5 40WE 827 DIM E12 FR 3PK BL); the EcoSmart #1002-914-725 (ECS ST19 40WE 850 DIM E26 CLR 2PK); the EcoSmart #1002-914-737 (ECS ST19 40WE 827 DIM E26 CLR

2PK); the EcoSmart #1002-237-498 (ECS A15 60WE 827 DIM E26 CLR 3PK BL); the

EcoSmart #1002-914-692 (ECS A15 60WE 827 DIM E26 FR 3PK BL); the EcoSmart #1002-

919-763 (ECS G16.5 60WE 850 DIM E12 CLR 3PK BL); the EcoSmart #1002-919-764 (ECS

G16.5 60WE 850 DIM E12 FR 3PK BL); the EcoSmart #1002-919-760 (ECS G16.5 60WE 827

DIM E12 CLR 3PK BL); the EcoSmart #1002-919-762 (ECS G16.5 60WE 827 DIM E12 FR

3PK BL), the EcoSmart #1002-914-631 (ECS B11 40WE 850 DIM E12 CLR 3PK BL), and the

EcoSmart #1002-914-708 (ECS A15 60WE 850 DIM E26 CLR 3PK BL).

11.     GVL manufactures, offers for sale, sells, and/or has sold additional LED-based

products.

## Jurisdiction and Venue

12.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

This Court has subject matter jurisdiction over this action for patent infringement under

28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over Defendant GVL because it is organized

under the laws of the State of Delaware.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §1400(b), because GVL

organized under the laws of Delaware and therefore resides in this State and judicial district.

## Patents-in-Suit

15.     On September 5, 2017, the United States Patent and Trademark Office duly and

legally issued U.S. Patent No. 9,752,734 ("the Tanda '734 patent"), entitled "Light emitting

device," to Tanda *et al.* Nichia is the owner by assignment of the Tanda '734 patent.  A true and

correct copy of the Tanda '734 patent is attached hereto as Exhibit A.

16.     On September 28, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,804,101 ("the Niki '101 patent"), entitled "Semiconductor light-emitting device," to Niki *et al.*  Nichia is the owner by assignment of the Niki '101 patent. A true and correct copy of the Niki '101 patent is attached hereto as Exhibit B.

17.     On March 22, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,870,191 ("the Niki '191 patent"), entitled "Semiconductor light emitting device," to Niki *et al.*  Nichia is the owner by assignment of the Niki '191 patent. A true and correct copy of the Niki '191 patent is attached hereto as Exhibit C.

18.     On April 26, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,324,791 ("the Tamemoto '791 patent"), entitled "Semiconductor element," to Tamemoto. Nichia is the owner by assignment of the Tamemoto '791 patent. A true and correct copy of the Tamemoto '791 patent is attached hereto as Exhibit D.

19.     On January 8, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,337,493 ("the Tanizawa '493 patent"), entitled "Nitride semiconductor device," to Tanizawa *et al.* Nichia is the owner by assignment of the Tanizawa '493 patent. A true and correct copy of the Tanizawa '493 patent is attached hereto as Exhibit E.

20.     On March 18, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,345,297 ("the Yamazoe '297 patent"), entitled "Nitride semiconductor device," to Yamazoe *et al.* Nichia is the owner by assignment of the Yamazoe '297 patent. A true and correct copy of the Yamazoe '297 patent is attached hereto as Exhibit F.

## Count I

### (Infringement of the Tanda '734 patent)

21.     Nichia re-alleges and incorporates the allegations of all prior paragraphs of this Complaint as if set forth in their entirety herein.

22.     Defendant has infringed and continues to infringe at least claim 1 of the Tanda '734 patent in violation of 35 U.S.C. § 271(a). The infringing activities include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale, without authority, of light emitting devices (*e.g.*, light bulbs) that fall within the scope of the claims of the Tanda '734 patent, including, but not limited to, the EcoSmart #1002-919-758 (ECS G16.5 40WE 850 DIM E12 CLR 3PK BL) and the EcoSmart #1001-757-385 (ECS B11 25WE 827 DIM E12 CLR 3PK BL).

23.     These GVL bulbs satisfy the limitations of at least claim 1 of the Tanda '734 patent.

24.     EcoSmart #1002-919-758 is exemplary of the products accused in this Count with respect to the claimed features.

25.     EcoSmart #1002-919-758 is a light emitting device. Two images of EcoSmart #1002-919-758 are reproduced below. The image below and to the left shows the bulb unlit, and the image to the right shows the bulb lit.




26.     An image of EcoSmart #1002-919-758 with the outer glass covering removed is reproduced below.



27.     Two images of EcoSmart #1002-919-758 are reproduced below. The image below and to the left shows a portion of the device with its wavelength conversion member. The image to the right shows an enlarged view of a part that has been cut out from the portion of the device shown in the left with its wavelength conversion member removed.

 

28.     The EcoSmart #1002-919-758 light emitting device includes a board having end portions and a center portion therebetween in a longitudinal direction. The board has a first surface on a first surface side thereof and a second surface on a second surface side thereof. The second surface is an opposite side to the first surface. The first surface includes a first region and a second region. The first region extends from the center portion of the board to one of the end portions. The second region extends from the center portion of the board to the other of the end portions.

29.     The EcoSmart #1002-919-758 light emitting device includes a wavelength conversion member formed unitarily with a transparent member that seals the plurality of light emitting elements (*i.e.*, LED chips).

30.     Two images of a light-emitting portion of the EcoSmart #1002-919-758 are provided below. The image below and to the left shows a top view of the portion of the device with the wavelength conversion member removed. The image below and to the right shows an enlarged view of the image to the left.




31.     The light emitting portion of EcoSmart #1002-919-758 shown above includes a plurality of LED chips mounted on the first surface side of the board.  There is a transparent bulb that encloses the board and the plurality of LED chips; support leads that secure the plurality of LED chips inside the transparent bulb; a support base that can be threadedly engaged with a conventional light bulb socket along a socket axis; and a pair of metal plates protruding at both ends of the wavelength conversion member.

32.     Two images of components in the EcoSmart #1002-919-758 are provided below. The image below and to the left is a top view of a light emitting chip (*i.e.*, LED chip) from the light emitting portion of the EcoSmart #1002-919-758 shown above. The image below and to the right shows the same LED chip in a light-emitting state.

 

33.     In the light emitting portion of the EcoSmart #1002-919-758 shown above, the wavelength conversion member is provided on the first surface side and the second surface side. The wavelength conversion member is elongated in the longitudinal direction when viewed in plan view of the first surface side of the board. A first set of the LED chips are mounted on the first region and arranged from the center portion of the board to the one of the end portions. A second set of the LED chips are mounted on the second region and arranged from the center portion of the board to the other one of the end portions. The pair of metal plates are electrically connected with the support base via the support leads.

34.     As a direct and proximate result of Defendant's acts of infringement, Nichia has suffered and continues to suffer damages and irreparable harm. Unless Defendant's acts of infringement are enjoined by this Court, Nichia will continue to be damaged and irreparably harmed.

35.     Nichia has no adequate remedy at law for Defendant's acts of infringement.

## Count II

### (Infringement of the Niki '101 patent)

36.     Nichia re-alleges and incorporates the allegations of all prior paragraphs of this Complaint as if set forth in their entirety herein.

37.     Defendant has infringed and continues to infringe at least claim 36 of the Niki '101 patent in violation of 35 U.S.C. § 271(a). The infringing activities include, but are not

limited to, the manufacture, use, sale, importation, and/or offer for sale, without authority, of products with semiconductor light emitting diodes that fall within the scope of the claims of the Niki '101 patent.  These products include, but are not limited to, the EcoSmart #1002-919-758 (ECS G16.5 40WE 850 DIM E12 CLR 3PK BL) and the EcoSmart #1001-757-385 (ECS B11 25WE 827 DIM E12 CLR 3PK BL).

38.     EcoSmart #1002-919-758 and EcoSmart #1001-757-385 each contain one or more semiconductor light emitting diodes (*i.e.*, LED chips) that satisfy the limitations of at least claim 36 of the Niki '101 patent.

39.     The LED chip found in EcoSmart #1002-919-758 is exemplary of the products accused in this Count with respect to the claimed features.

40.     EcoSmart #1002-919-758 contains a plurality of LED chips.  Two images of a component with such LED chips are reproduced below, with the image on the right depicting an enlarged view of the LED chips on the left.

 

41.     Two images of EcoSmart #1002-919-758 are provided below. The image below on the left shows an LED chip from the component shown above. The image below on the right shows the same LED chip in a light emitting state.

 

42.     Two images of EcoSmart #1002-919-758 are provided below. The image below on the left is an optical photograph of a side of the LED chip. The image on the right shows an enlarged view of a portion of the image on the left.

 

43.     Two images of EcoSmart #1002-919-758 are provided below. The image below on the left is an optical photograph of a portion of the top of the LED chip. The image below on the right is an enlarged view of an area on the same LED chip.

 

44.     One or more semiconductor light emitting diodes of EcoSmart #1002-919-758 include a substrate, an ohmic electrode and a plurality of semiconductor layers and is configured so that light generated in said plurality of semiconductor layers is emitted from said ohmic electrode or from said substrate.  Said substrate comprises sapphire.  Protruding portions are

formed in a repeating pattern within substantially an entire surface of the substrate so as to define a polygon as the repeating pattern in plan view of the substrate while the rest of the surface is substantially flat.  Cross sections of the protruding portions taken along planes orthogonal to the surface of the substrate are convex in shape.  Said protruding portions are formed so as to scatter or to diffract light generated in said plurality of light semiconductor layers.

45.     As a direct and proximate result of Defendant's acts of infringement, Nichia has suffered and continues to suffer damages and irreparable harm. Unless Defendant's acts of infringement are enjoined by this Court, Nichia will continue to be damaged and irreparably harmed.

46. Nichia has no adequate remedy at law for Defendant's acts of infringement.

## Count III

### (Infringement of the Niki '191 patent)

47.     Nichia re-alleges and incorporates the allegations of all prior paragraphs of this Complaint as if set forth in their entirety herein.

48.     Defendant has infringed and continues to infringe at least claim 28 of the Niki '191 patent in violation of 35 U.S.C. § 271(a). The infringing activities include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale, without authority, of products with semiconductor light emitting devices that fall within the scope of the claims of the Niki '191 patent, including, but not limited to, the EcoSmart #1002-919-758 (ECS G16.5 40WE 850 DIM E12 CLR 3PK BL) and the EcoSmart #1001-757-385 (ECS B11 25WE 827 DIM E12 CLR 3PK BL).

49.     EcoSmart #1002-919-758 and EcoSmart #1001-757-385 each contain semiconductor light emitting devices (*i.e.*, LED chips) that satisfy the limitations of at least claim 28 of the Niki '191 patent.

50.     The LED chip found in EcoSmart #1002-919-758 is exemplary of the accused products in this Count with respect to the claimed features.

51.     EcoSmart #1002-919-758 contains a plurality of LED chips. Two images of a component with such LED chips are reproduced below, with the image on the right depicting an enlarged view of the LED chips on the left.

 

52.     Two images of EcoSmart #1002-919-758 are provided below. The image below on the left shows an LED chip from the component shown above. The image below on the right shows the same LED chip in a light emitting state.

 

53.     Two images of EcoSmart #1002-919-758 are provided below. The image below on the left is an optical photograph of a side of the LED chip. The image below on the right is an enlarged view of a portion of the same LED chip depicted on the left.

 

54.     Two images of EcoSmart #1002-919-758 are provided below. The image below on the left is an optical photograph of a portion of the top of the LED chip. The image below on the right is an enlarged view of a portion of the image on the left.

 

55.     One or more semiconductor light emitting devices of EcoSmart #1002-919-758 include a substrate, a plurality of semiconductor layers formed on said substrate and made of different materials from that of said substrate and a transparent electrode formed on a surface of the top layer of said semiconductor layers so that light generated in said semiconductor layers is emitted from said transparent electrode or from said substrate.   At least one recess and/or protruding portion for scattering or diffracting light generated in said semiconductor layers is located on the surface of said substrate so that said recess and/or protruding portion contacts with

said semiconductor layers.  A side face of said recess and/or protruding portion is inclined to a laminating direction of said semiconductor layers.

56.     As a direct and proximate result of Defendant's acts of infringement, Nichia has suffered and continues to suffer damages and irreparable harm. Unless Defendant's acts of infringement are enjoined by this Court, Nichia will continue to be damaged and irreparably harmed.

57.     Nichia has no adequate remedy at law for Defendant's acts of infringement.

## Count IV

### (Infringement of the Tamemoto '791 patent)

58.     Nichia re-alleges and incorporates the allegations of all prior paragraphs of this Complaint as if set forth in their entirety herein.

59.     Defendant has infringed and continues to infringe at least claim 1 of the Tamemoto '791 patent in violation of 35 U.S.C. § 271(a). The infringing activities include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale, without authority, of products with semiconductor elements that fall within the scope of the claims of the Tamemoto '791 patent, including, but not limited to, the EcoSmart #1002-919-758 (ECS G16.5 40WE 850 DIM E12 CLR 3PK BL) and EcoSmart #1001-757-385 (ECS B11 25WE 827 DIM E12 CLR 3PK BL).

60.     EcoSmart #1002-919-758 contains semiconductor elements (*i.e.*, LED chips) that satisfy the limitations of at least claim 1 of the Tamemoto '791 patent.

61.     The LED chip found in EcoSmart #1002-919-758 is representative of the accused products in this Count with respect to the claimed features.

62.     EcoSmart #1002-919-758 contains a plurality of LED chips. Two images of a component with such LED chips are reproduced below, with the image on the right depicting an enlarged view of the LED chips on the left.




63.     Two images of EcoSmart #1002-919-758 are provided below. The image below on the left shows an LED chip from the component shown above. The image below on the right shows the same LED chip in a light emitting state.




64.     An image of EcoSmart #1002-919-758 is provided below. The image shows a side view of the same LED chip as above.



65.     One or more semiconductor elements of EcoSmart #1002-919-758 include a substrate having a first main face and a second main face, the substrate being a sapphire substrate; and a semiconductor layer formed on a, side of one of the first main face and the second main face of the substrate.  The substrate has a plurality of isolated processed portions and an irregularity face that runs from the processed portions at least to the first main face of the substrate and links adjacent ones of the processed portions.  The irregularity face runs from each of the processed portions to the first main face without passing through another of the processed portions and links the adjacent ones of the processed portions so that the irregularity face extends over a region between the processed portions and the first main face.  The substrate has only one row of the processed portions along a depth direction of the substrate.  All of the processed portions are disposed closer to the first main face than the second main face in the substrate.  A flat surface or a series of stepped flat surfaces extends over a region between the processed portions and the second main face of the substrate.

66.     As a direct and proximate result of Defendant's acts of infringement, Nichia has suffered and continues to suffer damages and irreparable harm. Unless Defendant's acts of infringement are enjoined by this Court, Nichia will continue to be damaged and irreparably harmed.

67.     Nichia has no adequate remedy at law for Defendant's acts of infringement.

## Count V

### (Infringement of the Tanizawa '493 patent)

68.     Nichia re-alleges and incorporates the allegations of all prior paragraphs of this Complaint as if set forth in their entirety herein.

69.     Defendant has infringed and continues to infringe at least claim 3 of the Tanizawa '493 patent in violation of 35 U.S.C. § 271(a). The infringing activities include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale, without authority, of products with nitride semiconductor devices that fall within the scope of the claims of the Tanizawa '493 patent, including, but not limited to, the EcoSmart #1002-919-758 (ECS G16.5 40WE 850 DIM E12 CLR 3PK BL).

70.     EcoSmart #1002-919-758 contains nitride semiconductor devices (*i.e.*, LED chips) that satisfy the limitations of at least claim 3 of the Tanizawa '493 patent.

71.     EcoSmart #1002-919-758 contains a plurality of LED chips. Two images of a component with such LED chips are reproduced below, with the image on the right depicting an enlarged view.




72.     Two images of EcoSmart #1002-919-758 are provided below. The image below left shows an LED chip from the component shown above. The image below on the right shows the same LED chip in a light emitting state.




73.     An image of EcoSmart #1002-919-758 is provided below. The image shows a side view of the same LED chip as above.



74.     One or more nitride semiconductor devices of EcoSmart #1002-919-758 include a substrate, an n-type nitride semiconductor layer formed on the substrate, an active layer formed on the n-type nitride semiconductor layer and,  a p-type nitride semiconductor layer formed on the active layer.  Said active layer has a quantum well structure including a well layer made of a nitride semiconductor containing In.   Said p-type nitride semiconductor layer has a p-type contact layer, a p-type high concentration doped layer interposed between said active layer and said p-type contact layer and a p-type single film layer made of $Al_bGa_{1-b}N$ ($0 \leq b \leq 1$) containing a p-type impurity interposed between said active layer and said p-type high concentration doped layer.  Said p-type contact layer having a p-type impurity concentration higher than that of said p-type single film layer and lower than that of the said p-type high concentration doped layer.

75.     As a direct and proximate result of Defendant's acts of infringement, Nichia has suffered and continues to suffer damages and irreparable harm. Unless Defendant's acts of infringement are enjoined by this Court, Nichia will continue to be damaged and irreparably harmed.

76.     Nichia has no adequate remedy at law for Defendant's acts of infringement.

## Count VI

### (Infringement of the Yamazoe '297 patent)

77.     Nichia re-alleges and incorporates the allegations of all prior paragraphs of this Complaint as if set forth in their entirety herein.

78.     Defendant has infringed and continues to infringe at least claim 10 of the Yamazoe '297 patent in violation of 35 U.S.C. § 271(a). The infringing activities include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale, without authority, of products with nitride semiconductor devices that fall within the scope of the claims of the Yamazoe '297 patent, including, but not limited to, the EcoSmart #1002-919-758 (ECS G16.5 40WE 850 DIM E12 CLR 3PK BL).

79.     EcoSmart #1002-919-758 contains nitride semiconductor devices (*i.e.*, LED chips) that satisfy the limitations of at least claim 10 of the Yamazoe '297 patent.

80.     EcoSmart #1002-919-758 contains a plurality of LED chips. Two images of a component with such LED chips are reproduced below, with the image on the right depicting an enlarged view of the devices on the left.

 

81.     Two images of EcoSmart #1002-919-758 are provided below. The image below on the left shows a LED chip from the component shown above. The image below on the right shows the same LED chip in a light emitting state.




82.     One or more nitride semiconductor devices of EcoSmart #1002-919-758 include at least a first n-side layer, a second n-side layer and a third n-side layer formed in this order from the side of an n-side contact layer between said n-side contact layer that has an n electrode and an active layer.  Said first n-side layer and said second n-side layer are in contact with each other.   Said second n-side layer includes an n-type impurity.   The concentration of n-type impurity in said second n-side layer is higher than the concentration of n-type impurity in said first n-side layer and in said third n-side layer.  Said second n-side layer and said first n-side layer have substantially the same compositions or the same band gap energy.  A thickness of said second n-side layer is smaller than a thickness of said first n-side layer and a thickness of said third n-side layer.

83.     As a direct and proximate result of Defendant's acts of infringement, Nichia has suffered and continues to suffer damages and irreparable harm. Unless Defendant's acts of infringement are enjoined by this Court, Nichia will continue to be damaged and irreparably harmed.

84.     Nichia has no adequate remedy at law for Defendant's acts of infringement.

**Prayer for Relief**

WHEREFORE, Nichia prays that the Court:

a.      Enter judgment that Defendant has infringed one or more claims of the Tanda '734 patent, the Niki '101 patent, the Niki '191 patent, the Tamemoto '791 patent, the Tanizawa '493 patent, and the Yamazoe '297 patent;

b.      Award Nichia damages to compensate it for Defendant's infringement of the Tanda '734 patent, the Niki '101 patent, the Niki '191 patent, the Tamemoto '791 patent, the Tanizawa '493 patent, and the Yamazoe '297 patent, together with pre- and post-judgment interest;

c.      Enjoin Defendant and their officers, agents, servants, employees, and representatives, and all others in active concert or participation with them, from further infringing the Tanda '734 patent, the Niki '101 patent, the Niki '191 patent, the Tamemoto '791 patent, the Tanizawa '493 patent, and the Yamazoe '297 patent;

d.      Declare this case to be an exceptional case and award Nichia its attorneys' fees pursuant to 35 U.S.C. § 285;

e.      Award Nichia attorneys' fees, costs, and expenses incurred by Nichia in bringing this action, together with pre- and post-judgment interest; and

f.      Award such other and further relief as the Court deems just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rules of Civil Procedure 38 and 39, Nichia demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____

OF COUNSEL:

Robert P. Parker
Martin M. Zoltick
Steven Weihrouch
Jenny Colgate
Michael Jones
Daniel R. McCallum
Mark T. Rawls
D. Lawson Allen
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, N.W., Suite 800
Washington, DC  20005
(202) 783-6040

July 26, 2019

Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@mnat.com
araucci@mnat.com

*Attorneys for Plaintiff Nichia Corporation*